**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 95-60570
(Summary Calendar)

CHAND WIJE,

Plaintiff-Appellant,

versus

BARTON SPRINGS,

Defendant-Appellee.

Appeal from the United States Department of Justice
Executive Office for Immigration Review
Office of the Chief Administrative Hearing Officer
(94B00046)

February 23, 1996

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Appellant Chand Wije, a/k/a Chandrasiri Wijeyawickrema, appeals the order of the

administrative law judge (ALJ) dismissing his complaint alleging citizenship status discrimination and

retaliation in violation of the Immigration Reform and Control Act of 1986 (IRCA), 8 U.S.C. §§

1324b(a)(1)(A)(B) and 1324b(a)(5). He also challenges various conclusions and evidentiary rulings

of the ALJ. Finding no error, we affirm.

BACKGROUND

On June 2, 1993, Wije contacted the Barton Springs/Edwards Aquifer Conservation District

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

to apply for the position of Water Resources Planner. Ten days later he telephoned Barton Springs and learned that he had not been chosen for the job. In response, he filed an unfair immigration-related employment practice charge against Barton Springs with the Office of Special Counsel for Immigration-Related Unfair Employment Practices (OSC). Wije alleged that appellee discriminated against him on the basis of his citizenship status and national origin. He had already filed a claim with the Equal Employment Opportunity Commission (EEOC) alleging national origin, race, and age discrimination. After investigating the charge, the OSC declined to file a complaint with an Administrative Law Judge on Wije's behalf on account of its determination that there was insufficient evidence to support his claims.

Wije then filed his complaint directly with the Office of the Chief Administrative Hearing Officer (OCAHO), realleging his discrimination claims and adding a retaliation claim. A hearing was held before the ALJ on August 25-26, 1994, in Austin, Texas. At the conclusion of the proceeding, the ALJ dismissed Wije's complaint and ordered him to pay attorney's fees.

DISCUSSION

Agency findings of fact are upheld if they are supported by substantial evidence. Mester Mfg. Co. v. I.N.S., 879 F.2d 561, 565 (9th Cir. 1989). We review any conclusions of law de novo. Id.

Wije's first question on appeal is whether the ALJ erred in dismissing his retaliation claim. Wije offered no proof supporting this claim. His disjointed questioning of witnesses on this issue was based wholly on conjecture and failed to make any showing of discrimination against him on account of his charges against Barton Springs. The ALJ's dismissal of the claim is supported by the record.

The second issue is whether the ALJ erred in denying him certain discovery and in limiting his questioning of witnesses. Wije sought Barton Springs's Job Inquiries File which contained all resumes submitted. His questions were meant to show that the appellee knew his citizenship status and discriminated against him because of that status.

Wije's own testimony elicited during cross examination revealed that he did not know if Barton Springs knew of his citizenship status when it refused to hire him in June 1993. Even if he

2

could prove such, Wije has failed to provide any evidence of discrimination. Discovery of all resumes ever submitted to the company would have been too unwieldy and irrelevant. Again, ample evidence supports the ALJ 's ruling.

As to the remaining issues, the record supports the ALJ's decision. There is also evidence of Wije's inexplicable failure to comply with procedures outlined to him prior to the hearing. Wije's claims that the ALJ abused his discretion in making findings and evidentiary rulings orders are unfounded.

The record offers sufficient evidence to support the ALJ's management of the issues and Wije, himself, during the hearing. In light of Wije's failure to make any showing of discrimination, we affirm the ruling of the ALJ and uphold the Decision and Order.

AFFIRMED.